UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEENA KLEINMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SOCIAL SERVICES AGENCY - ALAMEDA COUNTY, et al., <br><br> Defendants. | Case No. 16-cv-06961-JSC <br><br> **ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 55, 62 |

Plaintiffs filed this civil rights action against Alameda County, the Alameda County Social Services Agency ("the Agency"), and several individuals employed by the Agency (collectively "Defendants") following years of litigation in state court regarding whether Defendants properly placed Plaintiff David Duarte's son, R.T., with a non-relative family. Plaintiffs contend that if Defendants had complied with state law they would have placed R.T. with Mr. Duarte's sister and her husband (the "Kleinmans") after he was removed from the parents' care at birth. The parties' cross-motions for summary judgment are now pending before the Court.[1] (Dkt. Nos. 55 & 62.) Having considered the parties' briefs and having had the benefit of oral argument on February 27, 2020, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiffs' motion. As a matter of law, the state laws at issue do not give rise to constitutional procedural due process rights.

## BACKGROUND

There is no dispute regarding the factual background here which was described in detail in the California Court of Appeal's decision, *In re R.T.*, 232 Cal. App. 4th 1284 (2015). The

---

[1] All parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. 636. (Dkt. Nos. 9 &12.)

following statement of facts is taken from the record in this case and the appellate court's decision.

R.T. was born on July 25, 2012 addicted to methamphetamine, marijuana, opiates, and benzodiazepines. (Dkt. No. 61-3 at 5.[2]) Two days later, the Agency removed R.T. from his parents' care and placed him in the care of non-relative Victoria D. who also had custody of R.T.'s biological sibling. (*Id*. at 9.) The following day, the Agency filed a juvenile dependency petition and then a detention report with the Superior Court for the County of Alameda. (*Id*. at 3-7, 9-23.) The petition alleged that the parents had a history of drug abuse and domestic violence and recently failed to reunite with another son who was a dependent child of the court. (*Id*. at 20.)

Mr. Duarte objected to R.T.'s placement with Victoria and requested that two of his sisters be assessed for possible placement of R.T. *In re R.T*., 232 Cal. App. 4th at 1293. Ms. Kleinman's home was inspected and approved for placement when R.T. was three months old. (*Id*; Dkt. No. 59 at 139.) However, the Agency never considered placing R.T. with the Kleinmans. *In re R.T*., 232 Cal. App. 4th at 1294. "The caseworker's supervisor testified that it is the agency's policy to consider relative placements, but relative placements do not receive preference. The supervisor said assessments are done on a 'case-by-case' basis and the critical factor in placing R.T. with Victoria was the presence of a sibling and half-siblings in the family." *Id*. The Kleinmans filed a petition with the Juvenile Court to overturn the Agency's placement decision and have R.T. placed with them. (Dkt. No. 59 at 71-73.) The Juvenile Court did not decide their motion until September 30, 2013, when R.T. was 14 months old, at which point it denied their modification request and rejected the applicability of the relative preference under California Welfare & Institutions Code section 361.3. (Dkt. No. 59 at 158.) The Kleinmans appealed that decision to the California Court of Appeal.

Meanwhile, Mr. Duarte and R.T.'s biological mother were pursuing their own avenues to have R.T. placed with the Kleinmans. In particular, in February 2013, they executed relinquishment of parental rights forms, but the Agency "refused to sign acknowledgement of receipt [] unless the parents designated Victoria and her husband as the adoptive parents [and]

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

would not accept the parents' choice for adoption." *In re R.T.*, 232 Cal. App. 4th at 1294-95. Mr. Duarte and R.T's biological mother appealed the denial of their relinquishment motion and their appeal was consolidated with that of the Kleinmans.

On January 9, 2015, the Court of Appeal held that the Agency and the Juvenile Court violated state law when they "disregarded the statutory mandate that preference in the placement of a child removed from the custody of his parents be given to qualified family relatives" and when they "denied the parents' right to relinquish the child for adoption by relatives without [conducting] an appropriate assessment of whether relative adoption was in the child's best interest." *See In re R.T.*, 232 Cal. App. 4th at 1291. The Court of Appeal remanded the case to the Juvenile Court for "further proceedings conducted under proper standards, [noting that] effective redress may or may not be possible given the passage of time spent with other caretakers and the child's current best interest." *Id*. at 1308.

Nearly a year later, the Juvenile Court issued a decision finding that accepting relinquishment to paternal relatives or making a change in placement in favor of the paternal relatives would not be in R.T.'s "best interest at this time given his age, the attachment to his current caregivers who he has been placed with since he was five days old, and his attachment to his siblings, both full and half." (Dkt. No 59 at 263-66.) As of January 2017, R.T. continued to reside with Victoria and her husband and the Juvenile Court had approved the permanent plan for them to adopt R.T. (*Id*. at 268-69.)

Following the Juvenile Court's order on remand, the Kleinmans and Mr. Duarte filed this action under 42 U.S.C § 1983. (Dkt. No. 1.) Discovery in the action was delayed while the parties attempted to obtain records from the state court proceedings. Once they did so, they filed cross-motions for summary judgment which are now fully briefed. (Dkt. Nos. 55 & 62.) The summary judgment briefing was accompanied by administrative motions to seal because the exhibits thereto contain documents from the Juvenile Court record which are sealed under California Welfare & Institutions Code § 827. (Dkt. Nos. 58, 61, 64, 69.) These motions are GRANTED.

//

**DISCUSSON**

Plaintiffs plead two section 1983 claims: (1) violation of Plaintiffs' procedural due process rights under the Fourteenth Amendment when Defendants failed to give preference to a relative placement for R.T.; and (2) violation of Plaintiffs' procedural due process rights under the Fourteenth Amendment when Defendants failed to accept Mr. Duarte's (and the biological mother's) relinquishment of parental rights with designation of a particular adoption placement.[3]

The parties have filed cross-motions for summary judgment regarding these claims. Plaintiffs insist that summary judgment in their favor is proper because the California Court of Appeal already held that Defendants disregarded their statutory mandates and that under the doctrine of collateral estoppel the Court is required to give preclusive effect to the Court of Appeal's decision. Defendants, for their part, insist that summary judgment should be entered in their favor because Plaintiffs' Section 1983 claims fail as a matter of law since none of the Plaintiffs have a constitutionally protected liberty interest and even if this was not the case their conduct was not the proximate cause of Plaintiffs' injury and they are entitled to absolute or qualified immunity. Defendants also contend that Plaintiffs have failed to offer any evidence in support of their *Monell* claim against Alameda County.

In advance of the February 27, 2020 oral argument, the Court asked the parties to address *James v. Rowland*, 606 F.3d 656 (9th Cir. 2009), and whether Defendants' violations of the at-issue state statutes give rise to a procedural due process constitutional right. (Dkt. No. 72.) Oral argument focused on this one issue. Because the statutes Defendants violated did not create a constitutional right to due process, summary judgment in favor of Defendants must be granted.

**A. Section 1983**

"Section 1983 does not create any substantive rights, but is instead a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To prevail on their Section

---

[3] Plaintiffs' opposition clarifies that their claims are based solely on procedural due process and not also substantive due process. (Dkt. No. 67 at 11.) At oral argument, Plaintiffs confirmed that they are only pursuing procedural due process claims.

4

1983 claims, Plaintiffs must show that the alleged conduct both occurred "under color of state law" and deprived Plaintiffs of a constitutional or federal statutory right. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003). There is no dispute that the state actors were acting under color of law. Thus, the critical question is whether the state actors denied Plaintiffs their procedural due process rights.

"State law can create a right that the Due Process Clause will protect only if the state law contains (1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *James v. Rowlands*, 606 F.3d 646, 656 (9th Cir. 2010) (internal citation and quotation marks omitted) (rejecting a procedural due process claim regarding child custody determination "[b]ecause the state statutes that [plaintiff] identifies did not create a constitutional right").

The state laws the appellate court found Defendants violated do not contain "explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *James*, 606 F.3d at 656. California Welfare and Institutions Code § 309(e)(1) requires the agency to conduct an investigation to identify and locate adult relatives for possible placement, including relatives suggested by the parents. The agency is required to provide written notification of certain facts related to the removal proceedings to all of the relatives that it locates. *See* Wel. & Ins. Code § 309(e)(1); *see also In re R.T.*, 232 Cal. App. 4th at 1296 (noting that the agency failed to provide R.T.'s paternal relatives with the written notice required by section § 309(e)(1)(B)). This notice statute, however, does not specify the outcome that must be reached if the substantive predicates—assuming the notice qualifies as such—are met and therefore the violation of the statute did not give rise to a procedural due process claim. In *James*, for example, the court held that similar child custody notice statutes did not create a right protected by the Fourteenth Amendment. The court reasoned that the statutes that the plaintiff contended required the agency to notify him "do not . . . establish any substantive predicates or mandate any outcomes. At most, they simply require notice." 606 F.3d at 656-57. The same is true of § 309(e)(1) and therefore Defendants' undisputed violation of the state statute did not violate

5

Plaintiffs' federal procedural due process rights as a matter of law.

Welfare & Institutions Code § 361.3(a) also does not contain "explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met." *James*, 606 F.3d at 656. The statute provides that when a child is removed from the child's parents, the agency must give "preferential consideration" to a request by a relative of the removed child for placement of the child with the relative. Wel. & Ins. Code § 361.3(a). "Preferential consideration" "means that the relative seeking placement shall be the first placement to be considered and investigated." Wel. & Ins. Code § 361.3(c)(1); *see also In re R.T.*, 232 Cal. App. 4th at 1297 (noting that under 363.3, a relative's home should be "'the first placement to be considered and investigated.'" (quoting Wel. & Ins. Code § 361.3(c)(1))). The statute does *not*, however, contain "explicitly mandatory language specifying the outcome that must be reached" when first considering and investigating the relatives for placement; that is, it does not require the agency to place the child with the relatives that are first considered and investigated.

Plaintiffs' insistence that R.T. would have been placed with the Kleinmans had the statute been followed given that a report made after remand found them appropriate for placement misses the point. The procedural due process inquiry looks at the statute itself and whether it specifies the outcome that must be reached if certain substantive predicates are met. *James*, 606 F.3d at 656. Section 361.3 does not. Instead, it specifically contemplates that the court may not place the child with a relative and provides that in such situation "the court shall state for the record the reasons placement with that relative was denied." Wel. & Ins. Code § 361.3(e). It does not delineate what are the reasons a court may not place a child with a relative, let alone state that the child must be placed with a considered relative if certain conditions are met. Indeed, while the statute identifies factors that the agency and the court shall consider in determining whether to place a child with a relative, it states that the agency's and court's decision is not limited to those factors. Wel. & Ins. Code § 361.3(a). Thus, while the record supports a finding that had the statute been followed the Agency might have recommended, and the court ordered, R.T.'s placement with the Kleinmans, because the state law did not mandate that outcome it did not create a right protected by the Due Process Clause.

Plaintiffs' reliance at oral argument on *In re Isabella G.*, 246 Cal. App. 4th 708 (2016), as modified on denial of reh'g (Apr. 18, 2016), does not persuade the Court otherwise. The court there held that "the Agency disregarded the Legislative *preference* for relative placement throughout Isabella's dependency case" when it repeatedly disregarded Isabella G's paternal grandparents' request for a relative placement. *Id*. at 723 (emphasis added). Nothing in *In re Isabella* suggests that state law commands a mandatory outcome. Indeed, the *Isabella G.* court noted that "[w]hen considering whether to place the child with a relative, the juvenile court must apply the placement factors, and any other relevant factors, and *exercise its independent judgment* concerning the relative's request for placement." *Id*. at 719 (emphasis added); *see also In re Joseph T.*, 163 Cal. App. 4th 787, 798 (2008) ("[t]he relative placement preference, however, is not a relative placement *guarantee*.").

In *Huk v. Cty. of Santa Barbara*, 650 F. App'x 365, 367 (9th Cir. 2016), for example, the agency violated a California law requiring pre-removal notice and a grievance process for foster parents to contest the removal of a foster child. The Ninth Circuit held that the foster parents did not have a procedural due process claim because the California laws "do not establish substantive predicates or mandate any outcomes." *Id.* at 367. The court reasoned:

> A social worker's removal authority is highly discretionary and is not governed by objective and defined criteria. Wel. & Ins. Code § 306. These regulations do not entitle foster parents, as a matter of federal constitutional right, to the notice and grievance procedures required by California law. Here, there is no entitlement, there is no constitutional interest to protect with process.

*Id.* The same reasoning applies here. While under California law the Kleinmans were entitled to a preference, they did not have a constitutional right to the preference nor a constitutional right to placement of R.T. with them. *See Fox v. Cty. of Tulare*, No. 1:11-CV-O520 AWI SMS, 2014 WL 3687735, at *11 (E.D. Cal. July 24, 2014) ("the violation or inadequate performance of the mandated procedures does not create a separate right where the harm suffered does not, itself, implicate a constitutional right.").

Finally, Family Code § 8700(a) & (f) provides that a parent may voluntarily relinquish a child for adoption and, when doing so, may designate the person with whom the parent intends the

7

agency to place the child. There is nothing in that statute, however, that provides that the parent's wish must be followed; that is, there is no "explicitly mandatory language specifying the outcome that must be reached" when the parents designate a relative or someone else. To the contrary, in this very case, the Court of Appeal held that an agency has the discretion to refuse a designated relinquishment based on the child's best interest. *In re R.T.*, 232 Cal.App.4th at 1305 (citing Cal. Code Regs., tit. 22, § 35135, subd. (a)). As California law does not mandate the outcome, the law does not give rise to a procedural due process right.

That the laws requiring an agency to consider a parent's designation of a relative for adoption may arise from the parent's constitutional rights regarding his child does not mean that violation of those laws is a violation of the federal constitution. "A state does not create new constitutional rights by enacting laws designed to protect existing constitutional rights." *James*, 606 F.3d at 657. "[W]hen a state establishes procedures to protect a liberty interest that arises from the Constitution itself—like a parent's liberty interest here—the state does not thereby create a new constitutional right to those procedures themselves, and non-compliance with those procedures does not necessarily violate the Due Process Clause." *Id.* (finding that because "the state statutes that [the biological father] identifies did not create a constitutional right to notification, [his] procedural due process claim fails.").

While the Court understands Plaintiffs' desire to seek vindication for Defendants' established errors, as the Court of Appeal noted, this is not a case where "meaningful redress for past mistakes" is possible. *In re R.T.*, 232 Cal. App. 4th at 1308.

**CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is GRANTED and Plaintiffs' motion for summary judgment is DENIED. (Dkt. Nos. 55 & 62.)

The administrative motions to seal are GRANTED. (Dkt. Nos. 58, 61, 64, 69.)

//
//
//
//

8

The Clerk will enter judgment separately.

**IT IS SO ORDERED.**

Dated: March 3, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge